IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  SABRINA MARIE TICE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>1.  BOARD OF COUNTY )<br>    COMMISSIONERS OF LINCOLN, )<br>2.  LINCOLN COUNTY SHERIFF'S )<br>    DEPARTMENT, and )<br>3.  SHERIFF CHARLIE DOUGHERTY, )<br>)<br>Defendants. ) | Case No: CIV-18-974-R |

## COMPLAINT

**COMES NOW**, Plaintiff Sabrina Marie Tice ("Tice") and brings this action pursuant to 42. U.S.C. §1983 against the above named Defendants.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C 1331 and 1342(a).

2. Plaintiff Tice is a citizen of the United States and a resident of Lincoln County, Oklahoma.

3. Defendants Board of County Commissioners the County of Lincoln, Lincoln County Sheriff's Department, and Sheriff Charlie Dougherty reside in Lincoln County, Oklahoma.

4. Defendant Charlie Dougherty at all relevant times was the sheriff of Lincoln County.

5. The adverse employment and tortious conduct described in this Complaint occurred in the Western District of Oklahoma. Venue is proper pursuant to 28 U.S.C. §1391(b).

## BACKGROUND AND FACTS

6. Plaintiff adopts and re-alleges each and every allegation contained in Paragraphs 1-5 as set forth herein.

7. In December of 2012, Plaintiff was hired as a fulltime deputy sheriff by the Defendant Lincoln County Sheriff's Department (LCSO). Plaintiff's job duties included courthouse security and uniformed patrol of Lincoln County.

8. Plaintiff did not have any disciplinary suspensions during her employment with the LCSO.

9. At no time during Plaintiff's employment did she write or create policy.

10. At no time during Plaintiff's employment did she advise the sheriff on political matters.

11. At no time during Plaintiff's employment did she have hiring or firing authority.

12. At no time during Plaintiff's employment did she have supervisory authority.

13. At no time during Plaintiff's employment did she have purchasing authority.

14. At no time during Plaintiff's employment did she have control over LCSO's budget.

` 15. At no time during Plaintiff's employment did she have a policymaking role.

16. At no time during Plaintiff's employment was she employed in a position that required political allegiance to the sitting sheriff.

17. At all times during Plaintiff's employment she met all the requirements to be employed as a deputy sheriff in the State of Oklahoma.

18. In 2015, Plaintiff's husband John Tice filed to run for a candidate for Lincoln County Sheriff. John Tice at that time ran as a member of the Republican Party.

19. Defendant Sheriff Dougherty is registered as a Democrat and ran against John Tice as a member of the Democrat Party.

20. Defendants knew the Plaintiff was a member of the Republican Party and Defendants knew that the Plaintiff supported her husband's campaign.

21. While off duty, Plaintiff campaigned in support of her husband's election. Plaintiff never acted in her official capacity as deputy sheriff while campaigning for her husband.

22. Plaintiff never campaigned for her husband's election while on duty for the LCSO.

23. During the campaign, Defendants' agents physically followed the Plaintiff and took photographs of her. Defendants' agents sent these photographs to the Plaintiff and threatened and harassed her for her off duty political action and affiliation.

24. Plaintiff complained to Sheriff Dougherty about the harassment. However, Sheriff Dougherty took no action to stop the harassment.

25. Plaintiff's husband lost the election and Sheriff Dougherty was re-elected.

26. On November 9, 2016, the day after the election, Sheriff Dougherty terminated the Plaintiff.

27. The Plaintiff was given no credible explanation for her termination.

28. The Plaintiff was not terminated for any misconduct.

## CAUSE OF ACTION

29. Plaintiff adopts and re-alleges each and every allegation contained in Paragraphs 1-28 as set forth herein.

30. Plaintiff's termination violated 42 U.S.C. 1983 because she was terminated for political affiliation and because of her off duty political activity.

31. A substantial motivating factor in Defendants' termination of the Plaintiff was to punish her for her association with her husband. The right of Freedom of Association is protected by the First Amendment to the Constitution.

32. Said constitutional rights were clearly established at the time of Plaintiff's termination.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, is suffering, and will continue to suffer loss of employment, loss of future income, loss of benefits and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sabrina Tice prays for judgment on the foregoing claims and for all sums due with pre and post judgment interest hereon, all costs and attorney fees associated with this matter, to and including actual, compensatory and punitive damages against Defendants.

Respectfully submitted,

__/s/ James P. Hunt_____
James Patrick Hunt, OBA #15559
406 S. Boulder, Ste. 400
Tulsa, Oklahoma 73112
Telephone: (918) 497-9159
Facsimile:  (918) 582-6106
jamesphunt@earthlink.net

ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**